UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSHAWN MARCELL CARROLL,

       Petitioner,

v.                                            Case No. 5:06-CV-05
                                                        (Criminal Case No. 1:04-CR-244)
UNITED STATES OF AMERICA,

                                                     HON. GORDON J. QUIST

       Respondent.
_____/

## OPINION

This Court has before it Roshawn Marcell Carroll's ("Petitioner") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the following reasons, Petitioner's motion will be denied.

**I.      Procedural History**

In June, 2004, Michigan state law enforcement officials arrested Petitioner for carrying a concealed weapon, felon in possession of a firearm, and felony firearm. The state officers brought Petitioner to the attention of federal authorities, and on October 26, 2004, Petitioner was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The state of Michigan subsequently dismissed the state charges without prejudice on January 14, 2005, and Petitioner was prosecuted only by the federal government. On December 22, 2004, Petitioner pled guilty to felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On March 21, 2005, this Court sentenced Petitioner to 46 months incarceration, and Judgment was entered on March 23, 2005. Petitioner did not appeal his conviction or sentence. On January 5, 2006, Petitioner filed this Motion under 28 U.S.C. § 2255.

As best can be determined, Petitioner has two main arguments: (1) that he was selectively prosecuted by federal authorities under the Project Safe Neighborhoods ("PSN") program and that this program discriminates against African-Americans; and (2) that both his state and federal attorneys were ineffective because they failed to properly inform Petitioner about the Project Safe Neighborhoods program and they failed to secure him a plea agreement in state court with a two-year sentence. Because each claim lacks merit, the § 2255 motion will be denied.

**II.     Discussion**

      **1.     <u>Most Claims are Procedurally Defaulted</u>**

Petitioner had the opportunity to raise all of his claims on direct appeal, but he chose not to do so. Therefore, his first claim that he was selectively prosecuted by federal authorities under the Project Safe Neighborhoods program and that this program discriminates against African-Americans is procedurally defaulted. As the Supreme Court has said, § 2255 petitions are not substitutes for direct appeals. *See Reed v. Farley*, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300 (1994); *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982); *Hunter v. United States*, 160 F.3d 1109, 1114 (6th Cir. 1998). The Supreme Court has imposed strict limitations upon the circumstances under which a guilty plea may be attacked on collateral review. *See Bousley v. United States*, 523 U.S. 614, 620, 118 S. Ct. 1604, 1610 (1998); *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S. Ct. 2543, 2546-47 (1984). Because Petitioner failed to challenge his claim on direct appeal, his claim is procedurally defaulted. *See Bousley*, 523 U.S. at 622, 118 S. Ct. at 1611; *Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999). As such, Petitioner is barred from raising his claim in a § 2255 motion unless he can demonstrate "cause" and "actual prejudice" existed to excuse his failure to raise the issues on direct appeal, or that a constitutional error at the plea proceedings "has probably resulted in the conviction of one who is actually innocent."

2

*Bousley*, 523 U.S. at 622, 118 S. Ct. at 1611 (citing *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645 (1986)); *Hampton*, 191 F.3d at 698-99. To show cause, Petitioner must point to "some objective factor external to the defense" that prohibited him from raising his claim on direct appeal. *Murray*, 477 U.S. at 488, 106 S. Ct. at 2645. To show prejudice, he must demonstrate an error that worked to his actual and substantial disadvantage. *Frady*, 456 U.S. at 170, 102 S. Ct. at 1595-96.

Petitioner fails to allege or show that he is actually innocent of the offense for which he pled guilty. Likewise, he fails to allege or show that some external impediment prevented him from pursuing his claims on direct appeal. Moreover, he cannot show prejudice because the issues are without merit. In order to prevail on his § 2255 motion, Petitioner "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea. . . ." *Schledwitz v. United States*, 169 F.3d 1003, 1011 (6th Cir. 1999) (citing *Brecht v. Abramson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1721 (1993)); *see also Wright v. United States*, 182 F.3d 458, 463 (6th Cir. 1999). Petitioner has not met this burden.

The procedural default rule does not apply, however, with regard to claims of ineffective assistance of counsel. Claims of ineffective assistance of trial counsel are generally not reviewable on direct appeal, because the record may be inadequate to permit review. *See United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996). Consequently, such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal. *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995).

### 2. **Project Safe Neighborhoods Selective Prosecution Claim**

Petitioner claims that he was selectively prosecuted by federal authorities. As stated above,

3

this claim is procedurally defaulted because Petitioner failed to raise it on appeal. However, the Court will nevertheless briefly address the merits of the claim. One of the primary themes running throughout the motion is that Petitioner was selectively prosecuted under the Project Safe Neighborhoods program based on his race. The Project Safe Neighborhoods program is a national initiative developed by the United States Department of Justice that aims to reduce gun violence. Under the program, a defendant charged with a firearms-related offense may be tried in state court, may be given an opportunity to plead guilty in state court, or may be referred for federal prosecution. *See* Project Safe Neighborhoods Web Page, http://www.psn.gov/about/execsumm.html. (last visited May 9, 2006). Petitioner claims that this program discriminates against African-Americans and that he was prosecuted in federal court, rather than state court, because he is African-American.

Generally, federal prosecutors are given broad discretion in deciding whom to prosecute. *United States v. Armstrong*, 517 U.S. 456, 464, 116 S. Ct. 1480, 1486 (1996). However, under the equal protection component of the Due Process Clause of the Fifth Amendment, the decision may not be based on an arbitrary classification such as race. *Id.* There is a presumption that the prosecutor has not violated equal protection, and to dispel this presumption, a criminal defendant must present "clear evidence to the contrary." *Id.* at 465, 116 S. Ct. at 1486. For a selective prosecution claim, Petitioner must demonstrate (1) that the prosecutorial policy had a discriminatory effect, and (2) that it was motivated by a discriminatory purpose, or discriminatory intent. *Id.* at 465, 116 S. Ct. at 1487; *United States v. Jones*, 399 F.3d 640, 644-45 (6th Cir. 2005). To establish discriminatory effect in a race case, Petitioner must show that similarly situated individuals of a different race were not prosecuted. *Armstrong,* 517 U.S. at 465, 116 S. Ct. at 1487. To show discriminatory intent, Petitioner "must show that the prosecutorial policy was motivated by racial

4

animus." *Jones*, 399 F.3d at 645; *see also McCleskey v. Kemp*, 481 U.S. 279, 292-93, 107 S. Ct. 1756, 1767 (1987) (Petitioner must produce some evidence specific to his own case that supports an inference that race played a part in the decision to prosecute him.). Furthermore, even to be granted additional discovery in a selective prosecution claim, Petitioner must produce some evidence that similarly situated defendants of other races could have been prosecuted, but were not. *Armstrong*, 517 U.S. at 469, 116 S. Ct. at 1488.

Here, Petitioner has failed to make this showing, and has cited no evidence to support his claim. Therefore, this claim must be dismissed, and Petitioner's request for further discovery must be denied. *See Armstrong,* 517 U.S. at 470-71, 116 S. Ct. at 1489; *United States v. Henderson*, No. 05-1546, 2006 WL 890688 (6th Cir. Mar. 30, 2006) (unpublished opinion) (affirming conviction for felon in possession of a firearm where there was "no record evidence that would tend to show either discriminatory intent or effect on the part of the government's prosecution" and there was "no evidence regarding [Project Safe Neighborhoods], much less any evidence tending to point to the program's discriminatory administration-either in general or in regard to Henderson specifically"); *see also United States v. Wallace*, 389 F. Supp.2d 799, 803 (E.D. Mich. 2005) (discovery denied and selective prosecution claim dismissed where defendant failed to produce any evidence that non-African-Americans charged with drug and firearms offenses were known to federal authorities but not referred for federal prosecution under the Project Safe Neighborhoods program).

### 3. Ineffective Assistance of Counsel Claim

Petitioner argues that he was lawfully entitled to a plea agreement in state court and that his attorneys, Mr. David Feinberg in state court, and Mr. Timothy Havis in federal court, were ineffective for failing to secure such a plea agreement.

First, this Court has no jurisdiction over the actions of Mr. Feinberg, Petitioner's attorney

5

who appeared in state court. Mr. Feinberg had no involvement in the federal case, and the Court is unable to identify any jurisdictional basis for inquiring into Mr. Feinberg's effectiveness. *See United States v. Robinson*, 2005 WL 2994317 (E.D. Mich. Nov. 8, 2005).

Second, Petitioner's claim for ineffective assistance by Mr. Havis must fail because Petitioner has failed to show either that he was prejudiced or that Mr. Havis was deficient. The United States Court of Appeals for the Sixth Circuit has repeated the test for ineffective assistance of counsel:

> A two-prong test establishes ineffective assistance of counsel: 1) the defendant must show that his counsel's performance was deficient; and 2) prejudice must have resulted to counsel's defendant from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The second prong requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.*
>
> "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697, 104 S. Ct. 2052.
>
> To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. 2052. To determine if Kinnard was prejudiced by his attorney's performance, it is necessary to determine if the proceeding was fundamentally unfair or unreliable; a court should not focus the analysis on the outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S. Ct. 838, 122 L.Ed.2d 180 (1993).

*Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002). Here, Petitioner has failed to show that he was prejudiced or that he was not offered the state plea agreement because of some act by Mr. Havis. He has failed to allege any facts that the state prosecutor would have offered him the plea agreement absent an act or omission by his attorney. Furthermore, once he was prosecuted by

6

the federal government, no prior state plea agreement would be binding on the federal government. *See United States v. Gray*, 382 F.Supp.2d 898, 907-08 (E.D. Mich. 2005). Thus, there is no evidence that Petitioner suffered prejudice because of his counsel's conduct.

Further, there is no evidence that petitioner's counsel was deficient. The standard under the deficiency prong is whether the petitioner's counsel provided "reasonably effective assistance," and "whether counsel's conduct <u>so undermined</u> the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686-87, 104 S. Ct. at 2064 (emphasis added). There is a presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and, to prevail, the petitioner must meet the burden of showing that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688-89, 104 S. Ct. at 2064. The Court must also not indulge in hindsight, but must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors. *Id.* at 690, 104 S. Ct. at 2065-66. Indeed, trial counsel's tactical decisions are particularly difficult to attack, and a defendant's challenge to such decisions must overcome a presumption that the challenged action might be considered "sound trial strategy." *Id.* at 689, 104 S. Ct. at 2065.

Petitioner claims that his counsel was deficient for failing to explain the "PSN plea program" to him. But no such program exists in the Western District of Michigan. Petitioner attached to his § 2255 motion a Notice to Defense from the Office of the Prosecuting Attorney of Wayne County that states that "The Wayne County Prosecutor's Office <u>may</u> make a plea offer to the defendant of a mandatory two-year sentence in state prison." (Pet.'s Motion, Ex. D) (emphasis added). First, Petitioner was not prosecuted in Wayne County, so this notice is not relevant. But, even if it was relevant, the notice says the Office "may" make a plea offer, not that it "must" make

7

a plea offer as alleged by Petitioner. Nothing in this notice is binding in the Western District of Michigan, and it was not deficient for Petitioner's attorney not to inform him of this alleged PSN plea program.

Second, counsel was not deficient because it is within the prosecutor's discretion whether or not to offer a plea. *See United States v. Ware*, 161 F.3d 414, 420 (6th Cir. 1998). Petitioner has no constitutional right, or right under the Project Safe Neighborhoods program, to enforce a plea agreement, and his attorneys were not deficient for failing to secure him one. *See Weatherford v. Bursey*, 429 U.S. 545, 561, 97 S. Ct. 837, 846 (1977). Here, the state prosecutor chose to refer the matter for federal prosecution and dismiss the state charges. This was not unlawful. The state prosecutor has full discretion whether or not to prosecute a case. *United States v. Allen*, 954 F.2d 1160, 1165 (6th Cir. 1992). Neither Petitioner, nor his attorney, has any say in whether that prosecution goes forward. In fact, the state prosecutor could have prosecuted Petitioner in state court and then could have still referred Petitioner for a second prosecution in federal court. This does not violate a defendant's right against double jeopardy. *See United States v. Louisville Edible Oil Products, Inc.,* 926 F.2d 584, 587 (6th Cir. 1991)*; United States v. Gray*, 382 F.Supp.2d 898 (E.D. Mich. 2005). Therefore, this claim is without merit.

### III.    No Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue

8

must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

## **Conclusion**

For these reasons, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED WITH PREJUDICE. In addition, a certificate of appealability will be DENIED as to each issue raised by Petitioner because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate order will issue.


Dated: May 24, 2006                                        /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                                 UNITED STATES DISTRICT JUDGE